## SELAH DUSTIN v. GEORGE W. RADFORD.

*Credibility of witnesses—Assignment of right to sue on contract—Action for money collected by attorney.*

1. Where the conclusions of a jury upon contradictory testimony depend upon their convictions as to the credibility of witnesses, an appellate court will not review them nor sustain an assignment of error based on the refusal to charge that the verdict should have been for the other party.

2. A principal's right to sue upon a contract made by his agent is established if the agent notifies the other party that he must account to the principal; such a notification operates as an equitable assignment of the agent's interest in the contract.

3. An attorney was sued upon common and special counts for his client's share of a judgment that he had agreed to collect for a certain compensation, which the testimony showed he was to be paid if he collected it without any compromise. The claim was compromised however by another person who had an assignment of the judgment. *Held*, that the case should have been submitted to the jury upon the count for money had and received instead of the special counts which the proofs did not support; and that the defendant should have been allowed to prove as a set-off the value of his services and his disbursements in attempting to collect the judgment. ·

Error to Wayne.   (Jennison, J.)   May 6.—June 3.

Assumpsit.   Defendant brings error.   Reversed.

*Jno.·D. Conely* (*Conely*, *Maybury & Lucking*) for appellant.

*Chas. H. Freeman* for appellee.

Champlin, J.   This is an action of assumpsit brought to recover damages for not paying over certain moneys, which plaintiff claims defendant collected in his capacity of attorney at law.   The declaration contains two special counts, and also the common counts in assumpsit.

The first special count sets forth that plaintiff at the request of the defendant retained and employed him to prosecute a certain action at law for the collection of a certain claim for the agreed compensation of $500, to be paid defendant for his services and expenses in collecting such claim ; that he agreed to prosecute it with diligence and skill, and pay plaintiff the amount which should be collected upon the payment of the same by the debtor ; that he collected and received $3500 that the debtor paid to defendant for said plaintiff on account of said claim, and it then and there became the duty of defendant to pay said sum of money to plaintiff, on demand, after receiving the agreed compensation of $500, which has been duly paid to him.

The second special count is the same as the first, except that it avers that the defendant, by himself, his agents, attorneys, counsel and assistants, proceeded to collect, and that said money was paid to the agent and attorney of defendant, and thereupon it became and was the duty, etc.   The plea was the general issue, and common counts by way of set-off.

The plaintiff's theory of the case was, and his testimony tended to show, that plaintiff, by his agent Samuel R. Bateson, employed defendant to collect a claim upon which judgment had been rendered in favor of the plaintiff in the circuit court of the United States for the Eastern district of Michigan, against one Dickinson, who resided in New York

City, which claim amounted to about $4500; that it was agreed between Bateson, acting for plaintiff, and defendant, that defendant should have $500 in case he should collect the claim without compromise, defendant to employ and pay the New York attorneys; that at the time of entering into this arrangement it was understood by both Bateson and defendant that proceedings in case would have to be taken in the courts of New York; that under this understanding defendant secured the services of an attorney in New York, forwarded to him a transcript of judgment, and that suit was commenced in name of plaintiff, and the attorney subsequently employed counsel; that pending the determination of case, a compromise was made, and as a result of such compromise $3500 was paid to the attorney in New York; that defendant had only paid to plaintiff, or his order, $2409, which, with amount of his contingent fee, left a balance of $590, for which amount plaintiff claimed he was entitled to judgment.

The defendant's theory was, and his testimony tended to prove, that Bateson employed Radford to transmit to New York for collection a judgment against Asa D. Dickinson. The plaintiff here was the plaintiff in the judgment, but Wilcox was the assignee of the judgment, holding the same in trust, one-half for himself, and one-half for some one else: either for Dustin alone, or for Dustin and Densmore. Bateson made an agreement with Wilcox to be at the risk and expense of collection; and, in order to carry out this bargain, employed Radford to send the claim to New York. Radford was to receive $500 for his services, if successful in making the collection, but nothing if unsuccessful. Radford expressly refused to be employed by Dustin. Dustin was equally emphatic in refusing to employ Radford. Radford was employed on the statement that the judgment was obtained for moneys received by Dickinson as a lawyer, and converted by him. In point of fact, Dickinson had never been a lawyer at all, and the judgment was on the common counts in assumpsit, and was for matters that included both moneys collected and other things. As the case was origin-

ally stated, it was pretty clear that defendant might be arrested on a proper preliminary showing. As the case developed, the question of arrest became more doubtful. So that the case, as taken by Radford, and the case as developed after the arrest was made, were very unlike, and the difficulty, labor and expense were greatly increased, and extra counsel employed.

The suit was commenced in New York, in plaintiff's name, by the arrest of the defendant, who applied on affidavits for a discharge from the order of arrest. This was met by counter-affidavits taken in Detroit by the New York attorney, who claimed that plaintiff told him at that time to go on and do the best he could, and to retain out of the money collected a sufficient sum to satisfy him. The motion was decided in favor of the plaintiff, and an appeal was taken to the general term, and was there argued; but before it was decided the case was compromised by Wilcox, with the assent of plaintiff, for $3500. This money was paid to the New York attorney, who retained and kept out of the same $500 for his services, $300 to pay extra counsel, and $165.50 for disbursements and expenses. The balance, $2534.50, he remitted to defendant, who paid to Wilcox $1100, about which there is no dispute, and to Mr. Bateson $1309.50, leaving in defendant's hands $125. The testimony of the witnesses upon the trial was contradictory; that of the main witnesses being diametrically opposed to each other. It was a case, therefore, where the credibility of the witnesses was to be passed upon by the jury; and we do not feel disposed to trench upon their province here. We shall therefore overrule the assignment of error, based upon the request to charge that the jury should render a verdict for the defendant.

Defendant's counsel also requested a charge that if the jury believed Bateson, with the acquiescence of Dustin, employed Radford upon an understanding that Radford was to account to Bateson only, and not to Dustin, then the jury is instructed the plaintiff cannot recover. This was refused, and, instead thereof, in his general charge, the court told the jury that if they believed that Bateson acted as Dustin's

agent, even if the contract was made between Bateson and Radford, that the plaintiff was the proper party to sue. Defendant's request was based upon the defendant's theory of the case, and upon the special counts of the declaration. Those counts averred a duty, on the part of the defendant, arising out of the alleged relation of the parties, and is made the foundation of the plaintiff's cause of action against him. The general rule of law is that one who is not a party to a contract cannot sue in respect of a breach of duty arising out of the contract. *Alton v. Midland R. Co.* 19 C. B. (N. S.) 213; *Winterbottom v. Wright* 10 M. & W. 109; *Longmeid v. Holliday* 6 Exch. 761; *Blakemore v. Railway Co.* 8 El. & Bl. 1035, 1049; *Reedie v. Railway Co.* 4 Exch. 244; *Collis v. Selden* L. R. 3 C. P. 495; *Cuff v. Newark & N. Y. R. Co.* 35 N. J. L. 17, 574.

In *Langridge v. Levy* 2 M. & W. 519, and again in 4 M. & W. 337, where a stranger to the contract was allowed to sue, the decision was expressly placed upon the ground of fraud. The defendant in this case sought to show that the plaintiff was a stranger to the contract, out of which the alleged duty arose, and his request to charge was based upon that theory. The charge requested was properly refused under the evidence in the case. Whatever might have been the original contract relations between the parties, and whether as defendant claims or not, the plaintiff's right to sue became perfect by the execution of the following instrument which was served upon defendant:

"DETROIT, December 18, 1882.

*George W. Radford, Esq., Attorney, etc., Detroit, Mich.*—
SIR: You are hereby notified that all authority for your payment to S. R. Bateson of any money collected for Selah Dustin from Asa D. Dickinson is revoked. You are required to pay the same to said Selah Dustin, demand for which is hereby made by the bearer.      SELAH DUSTIN.
                                                 S. R. BATESON.
                                                 A. F. WILCOX."

This paper operated as an equitable assignment, at least of the contract between Bateson and Radford, and was sufficient

to authorize suit to be brought by Selah Dustin in his own name. The judgment obtained in the United States court had been assigned to Mr. Wilcox, and plaintiff's evidence tended to prove that Bateson made a written agreement with Mr. Wilcox with reference to the collection of the judgment which formed the basis of the agreement with Radford. This agreement was as follows:

"I, Alfred F. Wilcox, having taken an assignment of the judgment, which I hold, one-half in my own right, and one-half in trust for collection, do hereby agree with Samuel R. Bateson that *he* may use and employ all lawful means for the collection of said judgment, but at his own risk and expense, and without any risk or liability on my part to him or any other persons; and upon the receipt of one-fourth of the amount of said judgment, at the date of collection, to be paid to *me* in my own right, and such amount as shall be satisfactory to the cestui que trust for the other half, I agree to discharge said judgment, and said Bateson shall have the remainder of said judgment for his expenses and trouble in said collection. This is not intended as an assignment of any interest in said judgment, nor as creating an agency, nor is it to prevent me from collecting the same, nor exercising full control over the same at all times. The authority hereby given shall cease at the expiration of six months from the date hereof, and may be sooner terminated by a notice of thirty days, given by either party to the other."

The plaintiff's claim is that having thus obtained control of the judgment, Bateson, as his agent, made the agreement with Radford set forth in the first and second special counts of his declaration. But the plaintiff's own proof showed that Wilcox stepped in and settled the claim, while defendant was endeavoring to enforce collection by prosecution. This was one of the contingencies provided for in the contract between Bateson and Wilcox, but it was not provided in the contract between Bateson and defendant what should be his compensation if such contingency should happen; and the special counts are not framed upon the actual facts which occurred. There was testimony on the part of plaintiff that a subsequent arrangement was had, by which Bateson agreed that defendant should have $500 in case it was settled, and

no more; but this agreement is not counted upon in the declaration. The special counts are based entirely upon the original agreement claimed to have been made with defendant, and take no notice of the important change effected by the settlement by Wilcox without the consent of defendant and apparently against his wishes. This settlement left the contract unperformed by defendant, and without any measure of compensation agreed upon for services performed. The money that came into defendant's hands was not received by him under the original agreement set forth in the special counts, but through the settlement made by Wilcox. Under these counts, therefore, as they stand, a recovery cannot be sustained under the proofs. The plaintiff's case must depend entirely upon the count for money had and received. The amount that could be recovered under this count was properly subject to the set-off pleaded by defendant.

Testimony was received as to what the services rendered plaintiff were reasonably worth, and of the money expended in such service; but the learned judge did not submit the case to the jury under any proper instructions applicable to the proofs under the count for money had and received. He charged them that if they believed the plaintiff's witnesses in regard to the contract, the plaintiff was entitled to recover; but if they believed the defendant's witnesses in regard to the contract, the defendant was entitled to recover. He also charged them that if the plaintiff was entitled to recover at all, he was entitled to recover $590, and interest from December 1, 1882. He not only did not submit the case to the jury under the common counts, but confined them entirely to the special counts, which, as before remarked, were not supported by the proofs in the case.

The judgment must be reversed, and a new trial granted.

SHERWOOD and CAMPBELL, JJ. concurred. COOLEY, C. J. did not sit.